[NOT FOR PUBLICATION]

 United States Court of Appeals 
 For the First Circuit 
 

No. 97-1546

 BI SONG HUANG and LI MING AO,

 Petitioners,

 v.

 IMMIGRATION AND NATURALIZATION SERVICE,

 Respondent.

 

 PETITION FOR REVIEW OF AN ORDER OF
 THE BOARD OF IMMIGRATION APPEALS

 

 Before

 Selya, Circuit Judge, 
 Campbell, Senior Circuit Judge, 
 and Lynch, Circuit Judge. 

 

 Allan A. Samson on brief for petitioner. 

 Ernesto H. Molina, Jr., Office of Immigration Litigation, 
Civil Division, Department of Justice, Frank W. Hunger,
Assistant Attorney General, Civil Division, and David V. 
Bernal, Senior Litigation Counsel, on brief for respondent. 

 

 December 16, 1997
 

 Per Curiam. Petitioners Bi Song Huang and Liu Ming 

Ao, a married couple in their twenties who are citizens of

the People's Republic of China, seek review of a final

deportation order of the Board of Immigration Appeals (BIA).

Huang and Ao have conceded excludability, but requested

asylum and withholding of deportation. An Immigration Judge

on December 13, 1995 found them excludable because they

possessed neither valid visas nor travel documents and denied

the application for asylum and withholding of deportation.

The Board of Immigration Appeals on April 8, 1997, in a

careful decision, disagreed with the Immigration Judge's

determination that petitioners were not credible but found

that Huang had not established his claim (under which Ao also

sought protection) for asylum and withholding of deportation.

 Under Section 208(b) of the INA, 8 U.S.C. 

1158(a), the Attorney General, in her discretion, is

authorized to grant asylum to refugees. Refugees are aliens

who are unable or unwilling to return to their native country

"because of persecution or a well-founded fear of persecution

on account of race, religion, nationality, membership in a

particular social group, or political opinion." 8 U.S.C. 

1101(a)(42)(A). These two grounds -- past persecution or

well founded fear of persecution -- do not apply to all

persecutions or fears, but only to those in the five

 -2- 2

enumerated categories. See Tokarska v. INS, 978 F.2d 1 (1st 

Cir. 1992).

 If the determinations by the BIA, whose decisions

we review, are supported by substantial evidence, we must

deny the petition. See INS v. Elias-Zacarias, 502 U.S. 478, 

481 (1992). Here, Huang argues that he suffered from past

persecution when he was beaten and lost his job because he

protested the activities of his employer, a local government

official. But, as the BIA found, the protest was over his

employer's illegal activities (using prison labor to produce

goods), his employer was most likely corrupt, and "it appears

more likely that this corruption is the basis for the

punishment of applicant, not applicant's presumed political

beliefs." Accordingly, the BIA determined, Huang had not

shown a nexus between his political beliefs, the ground

asserted for asylum based on past persecution, and the

actions taken by his employer.

 As to Huang's argument that he had a well-founded

fear of persecution, the BIA found that Huang had again not

shown a nexus between his fear of persecution, which might

well be genuine, and his political beliefs, nor had he shown

that the threat of persecution was country-wide. The BIA

concluded that Huang had not met his burden of showing "that

a reasonable person in his circumstances . . . would fear

persecution on account of race, religion, nationality,

 -3- 3

membership in a particular social group, or political

opinion." Because Huang failed to meet the lower standard of

proof for asylum, he also did not meet the higher clear

probability standard of eligibility required for withholding

of deportation. See INS v. Stevic, 467 U.S. 407, 413 (1984) 

(alien must establish a "clear probability" of persecution to

avoid deportation under 8 U.S.C. 1253(h)).

 The evidence of record unquestionably supports the

BIA's findings. Congress has chosen to restrict the

definition of asylum. Not all who will face hardship if they

return to their native countries are eligible for

consideration of asylum. 

 The decision of the Board is affirmed and the

petition is dismissed.

 -4- 4